IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DENNIS V. GILBERT, JR., | ) | No. C 11-1693 LHK (PR) |
| Plaintiff, | ) ) | ORDER OF DISMISSAL |
| v. | ) ) | |
| ALAMEDA COUNTY OF CALIFORNIA SHERIFF, | ) ) ) | |
| Defendant. | ) ) | |

Plaintiff, proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 challenging the conditions of his confinement at the Santa Rita Jail. Plaintiff is granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the Court DISMISSES the complaint with prejudice.

**DISCUSSION**

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C.

Order of Dismissal
P:\PRO-SE\SJ.LHK\CR.11\Gilbert693dis.wpd

§ 1915A(b)(1), (2).  *Pro se* pleadings must, however, be liberally construed.  *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B.   Legal Claims

Plaintiff wants to obtain his GED and engage in independent studies.  Plaintiff alleges that the Sheriff and the County are not allowing him to further his education.

There is no constitutional right to education or rehabilitation in prison.  *See Rhodes v. Chapman*, 452 U.S. 337, 348 (1981) (deprivation of rehabilitation and educational programs does not violate Eighth Amendment); *Wishon v. Gammon*, 978 F.2d 446, 450 (8th Cir. 1992) ("Prisoners have no constitutional right to educational or vocational opportunities during incarceration."); *Beck v. Lynaugh,* 842 F.2d 757, 762 (5th Cir. 1988) ("[A] state has no constitutional obligation to provide basic educational or vocational training to prisoners."); *Rizzo v. Dawson*, 778 F.2d 527, 530 (9th Cir. 1985) (no right to vocational course for rehabilitation); *Baumann v. Arizona Dept. of Corrections*, 754 F.2d 841, 846 (9th Cir. 1985) (general limitation of jobs and educational opportunities is not considered punishment); *Hoptowit v. Ray*, 682 F.2d 1237, 1254-55 (9th Cir. 1982) ("there is no constitutional right to rehabilitation"); *Newman v. Alabama*, 559 F.2d 283, 291 (5th Cir. 1977) (state has no obligation to provide prisoners with educational programs).

The complaint therefore must be dismissed for failure to state a claim.  Because no amendment could change the fact that there is no constitutional right to education in prison, the dismissal will be without leave to amend.  *See Lopez v. Smith*, 203 F.3d 1122, 1127, 1129 (9th Cir. 2000) (en banc) (district courts must afford pro se prisoner litigants an opportunity to amend to correct any deficiency in their complaints, unless no amendment could save the complaint).

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED with prejudice.  The Clerk shall

1 | close the file.
2 |     IT IS SO ORDERED.
3 | DATED: __6/2/11__
4 |                               LUCY H. KOH
                              United States District Judge